# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| ELIJAH W. RATCLIFF, | § <br> § <br> § Civil Action No. 9:15-CV-106 |
| v. | § <br> § |
| STATE OF TEXAS, *et al.*, | § <br> § <br> § <br> § |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE AND OF DISMISSAL

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On February 13, 2017, Judge Giblin issued a Report and Recommendation (Doc. No. 55) in which he recommended that the Court grant the defendants' numerous motions to dismiss and dismiss the plaintiffs' claims in their entirety. He also recommended that the Court grant the Defendant City of Livingston's motion for sanctions and order the plaintiff to pay the City of Livingston $4,200.00 in expenses and attorney's fees as a sanction. Finally, Judge Giblin recommended that the Court impose a monetary sanction in the amount of $1500.00 against Mr. Ratcliff and order that the Clerk not accept any new filings from him until that fine is paid.

On February 24, 2017, the plaintiff submitted objections (Doc. No. 55). He vaguely objects to the "magistrate's failure to provide findings of facts and conclusions of law", but appears to merely restate many of the rambling and conclusory claims that were already on file in his numerous filings with the court at the time Judge Giblin issued his report. He then simply points to his prior briefs in support of his objections to Judge Giblin's recommendation that sanctions be imposed. Next, Mr. Ratcliff objects to the failure of Judge Giblin "to include a finding of fact or

1

conclusion of law on the disqualification within the United States District Court for the Eastern District of Texas as require[d] by Title 28, United States Code, Sections 144 and 455." *See* Objections, at pp. 2-8.

The objections do not discuss how the plaintiff contends the magistrate judge specifically erred in recommending dismissal. *See* 28 U.S.C. § 636(b)(1); *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)(en banc)("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.") They merely reassert the same disjointed and unsupported contentions already presented to the Court in previous filings. Nothing in the plaintiff's objections speaks to or alters the magistrate judge's detailed findings and legal conclusions regarding the frivolousness of Ratcliff's claims, the applicable *res judicata* bar, or the propriety of sanctions in this case. As discussed in the report, Mr. Ratcliff has been sanctioned on numerous other occasions for filing frivolous suits yet he continues to re-assert the same claims. Furthermore, Mr. Ratcliff has not stated any legitimate grounds supporting his general request for disqualification of the judiciary of the Eastern District of Texas. *See* 28 U.S.C. § 455(a)&(b)(enumerating specific circumstances warranting disqualification). The plaintiff failed to present specific evidence or argument in response to the magistrate judge's recommended disposition that dismissal and sanctions are not warranted. There is no constitutional right of access to the courts to prosecute an action that is frivolous, malicious, or pursued for the sole purpose of harassing another. *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1499 (5th Cir. 1993). As a general matter, the Court is authorized to enjoin further filings without leave of Court when necessary to deter vexatious filings that are merely a flagrant abuse of the judicial process. *Kaminetzky v. Frost National Bank of Houston, et. al.*, 881 F.Supp. 276, 277 (S.D. Tex 1995). The Supreme Court of the United States has recognized that courts may take injunctive action to prevent frivolous filings. *See generally In re McDonald*, 489 U.S. 180 (1989). This Court finds the filings

of the Plaintiff a in this matter to be vexatious filings that are a flagrant abuse of judicial process and deserving of sanctions. The Court recognizes that the resources of the federal court system and federal government should and must be protected from this type of abuse and waste. The Court finds that the sanctions recommended by the Magistrate Judge and imposed by this order are the least severe that will properly deter Plaintiff and others from similar conduct.

Accordingly, having considered the report of the magistrate judge, the plaintiff's objections, and having conducted a *de novo* review pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. It is therefore **ORDERED** that the report and recommendation of the magistrate judge (Doc. No. 53) is **ADOPTED**. The defendants' motions to dismiss (Doc. Nos. 19, 20, 24, 32, 45) are **GRANTED**. The claims asserted by the plaintiff in this case are **DISMISSED** in their entirety, with prejudice.

The Court further **ORDERS** that the City of Livingston's motion for sanctions (Doc. No. 25) is **GRANTED**. Plaintiff, Elijah W. Ratcliff, is **ORDERED** to pay expenses and attorneys' fees to the City of Livingston in the amount of **$4,200.00**, as proven up in the motion for sanctions, within ninety (90) days of this order.

Finally, the Court **ORDERS** that a monetary penalty is imposed on plaintiff Elijah W. Ratcliff in the amount of **$1500.00**, payable within ninety (90) days of this order to the Clerk, United States District Court, Beaumont Division for deposit into the Treasury of the United States. Plaintiff, Elijah W. Ratcliff, and any counsel for Plaintiff, are hereby enjoined from filing any further action, complaint, or motion in the United States District Court for the Eastern District of Texas without first paying the sanction ordered, and the previous sanctions ordered by this court, and obtaining leave from the Chief Judge of the United States District Court for the Eastern District of Texas. The Clerk is **ORDERED** to refuse to accept any new filings from Elijah W. Ratcliff

unless and until the full monetary sanction is paid in full to the Clerk. It is further **ORDERED** that if the sanction is paid in full, the Clerk shall not accept any new filings without prior judicial approval, obtained in response to the filing of a letter brief, finding that the pleading is filed in good faith.

The Clerk is directed to **CLOSE** this case. This constitutes a final judgment for appeal purposes.

So **ORDERED** and **SIGNED** this 7 day of **March, 2017.**

_____
Ron Clark, United States District Judge